**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                              :
JUAN E. MILANES,              :
                              :
     Plaintiff,               :
                              :
     v.                       :    Civil No. 09-824 (GK)
                              :
ERIC H. HOLDER, Jr.,          :
Attorney General,             :
United States of America,     :
et al.,                       :
                              :
     Defendants.              :
_____:
```

**MEMORANDUM OPINION**

Plaintiff Juan E. Milanes brings this suit against Defendant Eric H. Holder, Attorney General of the United States, and Rosa Emilia Rodriguez-Velez, Acting United States Attorney for the District of Puerto Rico, alleging discrimination based on gender and disability, a hostile work environment, retaliation, and constructive discharge in violation of Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. This matter is before the Court on Defendants' Motion to Transfer "[p]ursuant to 28 U.S.C. § 1404(a)," Mot. at 1 [Dkt. No. 7].[1] Upon consideration

---

[1] The Defendants brought their Motion "on the grounds that the instant forum is non conveniens," Defs.' Mot. to Transfer 1, but motions under § 1404(a) are not the same as those formerly brought under the common law doctrine of forum non conveniens. See 14 Wright & Miller, Federal Practice & Procedure § 3828 (3d ed. 2009) (noting that the correct remedy in a forum non conveniens case is dismissal of the action and that "forum non conveniens and transfer should not be confused, either in terms of the standard to be
(continued...)

of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Defendants' Motion is **granted** and this case shall be transferred to the United States District Court for the District of Puerto Rico.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Juan Milanes is a former Assistant United States Attorney (AUSA) in the District of Puerto Rico.  He alleges numerous incidents which either contributed to creation of a hostile work environment or constituted retaliation. Plaintiff was assigned to the Narcotics Unit while in Puerto Rico, where his superior was the Unit's Deputy Chief, Jeanette Mercado.  Plaintiff alleges that Mercado created a hostile work environment.  When Plaintiff complained about his work environment, Rosa Emilia Rodriguez-Velez, Acting U.S. Attorney for the District of Puerto Rico, allegedly retaliated by denying Plaintiff's children the benefit of having the Department pay for them to attend an English-language school in Puerto Rico, while still giving that benefit to her friends in a "Girls Club" at the office. Plaintiff allegedly was further retaliated against when Mercado assigned him the oldest and weakest narcotics cases, threatened him with disciplinary action, and attempted to sabotage his trial work.

---

¹(...continued)
applied by the district court or the very different consequences of granting the motion").

Additionally, Plaintiff applied for and was accepted to an overseas detail in Kosovo, but Rodriguez-Velez served him with a written reprimand on the day he was supposed to leave Puerto Rico, preventing his departure on that date.  His overseas detail was subsequently retracted after Rodriguez-Velez accused the Plaintiff of threatening her.  Plaintiff filed a Complaint with the Department of Justice and met with officials from the Executive Office for United States Attorneys (EOUSA) in Washington, DC.  The EOUSA forwarded his complaint to its general counsel's office, but Plaintiff alleges it has not conducted an investigation nor given him evidence he requested.  Plaintiff was placed on administrative leave pending an investigation and alleges that he was constructively discharged on June 27, 2008, when he was forced to resign his position as an AUSA.

On February 5, 2009, Plaintiff filed his first Complaint in the District Court for the District of Puerto Rico (09-cv-1108), which included the above allegations.  On April 13, 2009 Plaintiff filed a Motion to Recuse all the judges in the District of Puerto Rico and petitioned the Chief Judge to appoint a judge from outside the jurisdiction (Dkt. No 22).  This motion was denied on April 22, 2009 (Dkt. No. 23).  On the same day, Plaintiff filed a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a) (Dkt. No. 24).  The court allowed the voluntary dismissal as a matter of right, but noted in its Order that if the Plaintiff re-filed in the

District of Puerto Rico, "the new case will be consolidated with this original docket to avoid judge shopping."

The Plaintiff then filed the present Complaint in this Court on May 5, 2009 (09-cv-824). On August 8, 2009, Defendants filed the present Motion to Transfer.

## II. Analysis

Venue for Title VII actions is controlled by the venue provision in 42 U.S.C. § 2000e-5(f)(3), which states:

> [A]n action may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but [4] if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

This provision also governs venue for actions under the Rehabilitation Act. Dehaemers v. Wynne, 522 F. Supp. 2d 240, 247 (D.D.C. 2007).

Before deciding whether transfer is appropriate, the Court must first determine whether the action could have been brought in the transferee court sought by the moving party. Van Dusen v. Barrack, 376 U.S. 612, 617 (1964). Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination. Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969). To determine where an

alleged unlawful employment practice was committed, a court "must look to the place where the decisions and actions concerning the employment practices occurred." Walden v. Locke, 629 F. Supp. 2d 11, 14 (D.D.C. 2009).

There is no question that venue would be proper in the District of Puerto Rico.  The underlying events surrounding Plaintiff's claims of discrimination, hostile work environment, and retaliation occurred there.  The Defendants concede, however, that venue is also proper in this Court based on the retraction of Plaintiff's overseas assignment, which occurred in this jurisdiction. Defs'. Mot. to Transfer 7.

When venue is proper in more than one district, a court can transfer a Title VII employment discrimination case pursuant to 28 U.S.C. § 1404(a). See Hunter v. Johanns, 517 F. Supp. 2d 340, 343 (D.D.C. 2007); Johnson v. Lumenos Inc., 471 F. Supp. 2d 74, 75-76 (D.D.C. 2007). Under § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party bears the burden of establishing that transfer is proper. Johanns, 517 F. Supp. 2d at 343.  Section 1404(a) grants discretion to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." Stewart Org. Inc. v. Ricoh Corp., 478 U.S. 22, 29 (1988).  In making this determination,

courts must balance public and private interest factors. <u>Id.</u> at 27.

### A. The Private Interests of the Parties Weigh in Favor of Transfer to the District of Puerto Rico

The private interest factors are: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. <u>Fed. Trade Comm'n v. Cephalon, Inc.</u>, 551 F. Supp. 2d, 21, 25 (D.D.C. 2008).

When weighing the plaintiff's and defendant's choice of forum, there is a strong presumption against disturbing a plaintiff's initial forum choice. <u>Pain v. United Techs Corp.</u>, 637 F.2d 775, 784 (D.C. Cir. 1980). However, this presumption has less force when the forum is not the plaintiff's home forum and most of the relevant events occurred elsewhere. <u>Hunter v. Johanns</u>, 517 F. Supp. 2d at 344. Those two conditions exist in this case.

First, Plaintiff does not claim to be a resident of the District of Columbia, but states he "has resided and made his domicile in the DC Metro area for 19 of the past 21 years." Pl's Opp. Mem. ¶2. The caption of the Complaint indicates that Plaintiff lives in Reston, Virginia. Therefore, his home forum would be in the Eastern District of Virginia, not the District of

Columbia.  Second, most of the alleged discriminatory events occurred in Puerto Rico.  The fact that the Plaintiff's salary was disbursed from the main DOJ payroll in Washington, D.C. instead of from funds appropriated to the local AUSA Office in Puerto Rico, Pl's Opp. Mem. ¶ 3, does not transform this District into the locus of the underlying events described in the Complaint.

Plaintiff allegedly suffered a hostile work environment in Puerto Rico, and much of the employment discrimination and retaliation occurred in Puerto Rico, including the denial of his children's enrollment in the English-language school.  Although the actual denial of Plaintiff's overseas assignment occurred in this District, that decision was based on events that occurred in Puerto Rico, i.e., Plaintiff's alleged threat against Defendant Rodriguez-Velez.  See Perez v. Hufstedler, 505 F. Supp. 39 (D.D.C. 1980) (transferring case to the District of Puerto Rico when the balance of convenience and the interests of justice favored that district).  Therefore, because the Plaintiff does not reside in this District, and because the alleged acts which form the basis of the discrimination and retaliation charges occurred in the transferee forum, reduced deference is paid to his choice of forum.

Courts weigh the convenience of witnesses "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." Johnson v. Lumenos, Inc., 471 F. Supp. 2d 74, 77 (D.D.C. 2007). Plaintiff compiled a sample witness list, Compl. ¶

6, that includes witnesses from both Washington, D.C. and Puerto Rico. There are no allegations that any of the witnesses would actually be unwilling or unable to testify. Given the fact that Plaintiff chose initially to file his case in Puerto Rico, it is difficult to give much credence to his total reversal of position regarding the convenience of witnesses and their ability to testify.

Moreover, ease of access to sources of proof does favor the Defendants' choice of forum. Because the Plaintiff's Complaint alleges events that either occurred in Puerto Rico or involved decisions based on events that occurred in Puerto Rico, most discovery in this case will occur in that District. See Munoz v. England, No. CV-05-2472, 2006 WL 3361509 at *5 (D.D.C. Nov. 6, 2006) ("The Title VII venue provision is not concerned with the location of the administrative processing of Plaintiff's claims, but rather with the location of the events giving rise to the claims."). Given the diminished weight due the Plaintiff's choice of forum, the other private interest factors combine to favor transfer of this case to the District of Puerto Rico. See Kafack v. Primerica Life Ins. Co., 934 F. Supp. 3, 6-7 (D.D.C. 1996) (stating in support of a transfer that "the material events that constitute the factual predicate for the plaintiff's claims occurred" in the transferee district).

**B. The Public Interest of the Court Also Weighs in Favor of Transfer to the District of Puerto Rico**

The public interest factors are: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the transferee and transferor courts; and (3) the local interest in deciding local controversies at home. Fed. Trade Comm'n v. Cephalon, Inc., 551 F. Supp. 2d, 21, 25 (2008).[2]

First, since this case is brought under federal law, the District Court of Puerto Rico is just as "competent to decide federal issues correctly" as is this Court. Otay Mesa Prop., L.P. v. U.S. Dept. of Interior, 584 F. Supp. 2d 126 n.1 (D.D.C. 2008). Second, while both districts have crowded dockets, this District has over 4,000 pending cases, compared to the District of Puerto Rico's which has 2,000. Although the median civil case takes two months longer to resolve in Puerto Rico than in the District of Columbia, that is not a substantially different length of time. See Federal Court Management Statistics, 2008, available at http://www.uscourts.gov/cgi-bin/cmsd2008.pl. As this case has "not evolved past the earliest stages of litigation, the proposed transfer would not unduly delay the case's progress." Johnson v. Lumenos, Inc., 471 F. Supp. 2d at 77.

Third, Puerto Rico has a stronger local interest in this case than this District, as "the parties and material events that make

---

[2]The Plaintiff lists a number of additional factors that the Court should consider, Pl's Opp. Mem. ¶5, 9, but does not cite any cases from this Circuit, and those other factors are not controlling in this District.

up the claims' factual predicate are more connected" to the transferee district. Montgomery v. STG Int'l, Inc., 532 F. Supp. 2d 29, 34 (D.D.C. 2008). See also Liban v. Churchey Group II, L.L.C., 305 F. Supp. 2d 136, 143 (D.D.C. 2004) (transferring a case to the district in which the majority of the alleged discriminatory events occurred).

Lastly, the Court will address the issue of forum shopping, raised by both parties.  To the extent that Plaintiff is engaging in forum shopping, that issue weighs in favor of transfer to a more appropriate forum. Onyeneho v. Allstate Ins. Co., 466 F. Supp. 2d 1, 4 (D.D.C. 2006).  As noted above, Plaintiff originally filed his Complaint in the District of Puerto Rico, but voluntarily dismissed it only when his motion to recuse all of the judges in that District was denied.  The Court has reviewed both the original complaint filed in Puerto Rico and the present Complaint filed in this Court.  They each contain the same allegations of discrimination and retaliation.

It therefore appears that the Plaintiff re-filed his Complaint in this District because he was not satisfied, for whatever reason, with the judges in Puerto Rico.  It is not in the interest of justice to allow the Plaintiff to re-file his case in this venue because he is unhappy with denial of his recusal motion. See Schmid Laboratories, Inc. v. Hartford Accident and Indem. Co., 654 F. Supp. 734, 736 (D.D.C. 1986) (transferring case where the

plaintiff's forum shopping combined with other factors was sufficient to deny plaintiff's chosen forum).[3]

Plaintiff alleges that he and all of the judges in the District of Puerto Rico have a conflict of interest because they are defendants in a pro se civil case brought in the District of Maryland, Zeno v. The United States of America, 09-cv-544, and there are potential antagonistic defenses among them. Pl's Compl. at ¶ 10. While charges of judicial bias are serious, the Court has little doubt that the judges in the transferee district will make a fair and impartial determination on whether there is a conflict. See Airport Working Group of Orange County, Inc., v. U.S. Dep't of Defense, 226 F. Supp. 2d 227, 232 (D.D.C. 2002) (transferring case despite claims that large numbers of judges in the transferee district would have to recuse themselves). There is no reason to think that the judges will not be able to give the Plaintiff a fair hearing just because they are common defendants in an unrelated matter. See United States v. Fiat Motors of North America, Inc., 512 F. Supp. 247, 251 (D.D.C. 1981) ("A trial judge is presumed to be impartial and the affiant assumes a heavy burden in demonstrating the contrary."). Indeed, before Plaintiff dismissed

---

[3] It is clear that the District Court in Puerto Rico thought Plaintiff was forum shopping when it conditioned approval of Plaintiff's voluntary dismissal motion on a procedure designed "to avoid judge shopping."

his case there, one of the judges voluntarily recused himself from this matter.  (09-cv-1108 Dkt. No. 18).

Based on all the factors discussed, the Court concludes that Puerto Rico has a greater interest in having this case decided there.  As the Supreme Court noted in Gulf Oil v. Gilbert, 330 U.S. 501, 508-09 (1947), "[t]here is a local interest in having localized controversies decided at home."  The Complaint alleges conduct that was almost entirely based in Puerto Rico, and while venue is technically proper in this Court under § 2000e-5(f)(3), the interests of justice dictate transfer to that district.

### III. CONCLUSION

For the reasons stated herein, Defendants' Motion to Transfer pursuant to 28 U.S.C. § 1404(a) is **granted.** Accordingly, this case will be transferred to the United States District Court for the District of Puerto Rico.

An Order will issue with this opinion.


October 21, 2009                      /s/
                                Gladys Kessler
                                United States District Judge


**Copies to counsel of record via ECF**